IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02399-RM-KLM

MICHAEL ANGELO MARTINEZ,

    Plaintiff,

v.

HEALTH CARE PARTNERS FOUNDATION, INC.,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiffs [sic] Motion Requesting Extension** [#26][1] (the "Motion").  Plaintiff is proceeding in this matter without an attorney and states in the Motion that he is requesting a 120-day extension of time because he is seeking legal counsel.  *Motion* [#26] at 1.  Specifically, Plaintiff asks the Court "to place the case on a hold and give plaintiff 120 (one hundred and twenty) days extension on time."  *Id.*  Plaintiff notes that he "is requesting an extension for the reason that [P]laintiff is seeking legal counsel . . . ."  *Id.*  Plaintiff does not identify a specific deadline for which he is requesting an extension and presently there are no pending deadlines.  It appears, therefore, that Plaintiff is requesting a 120-day stay of this litigation.  Defendant has not filed a response to the Motion and its deadline to do so has elapsed.  In addition, Defendant's Motion to

---

[1] "[#26]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

Dismiss [#7] is fully briefed and a Scheduling Conference has not yet been scheduled in this case.

Although a stay of proceedings in a case is generally disfavored, the Court has discretion to enter a stay. *Compare Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *with Ellis v. J.R.'s Country Stores, Inc.*, No. 12-cv-01916-CMA-KLM, 2012 WL 6153513, at *1 (D. Colo. Dec. 11, 2012) (granting stay of proceedings). The "[C]ourt has inherent power to stay proceedings 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Ellis*, 2012 WL 6153513, at *1 (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) (observing that docket management "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance")); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 804 (Fed.Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C.2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation marks and citation omitted)); *see also String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (finding that a stay may be appropriate if "resolution of

a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that staying discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, staying discovery would apparently not prejudice Plaintiff, as he requests a stay. Therefore, the Court finds that the first *String Cheese Incident* factor weighs in favor of a stay.

With regard to the second factor, it appears Defendant will not be burdened by a stay because a stay will conserve financial resources. In addition, Defendant had an

opportunity to oppose the Motion and did not file a response.  However, because the Court cannot know Defendant's position with regard to a stay, the Court finds that the second *String Cheese Incident* factor neither weighs in favor nor against a stay.

With regard to the third factor, it is certainly more convenient for the Court to enter a stay to allow Plaintiff to obtain legal representation.  The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of a stay.

With regard to the fourth factor, there are no nonparties with significant particularized interests in this case.  Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against a stay.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution.  Allowing Plaintiff the opportunity to obtain legal representation may lead to a more efficient adjudication of his claims and, therefore, serves this interest.  Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay.

IT IS HEREBY **ORDERED** that the Motion [#26] is **GRANTED**.  Accordingly,

IT IS FURTHER **ORDERED** that this case is **STAYED** for **120 days** to allow Plaintiff an opportunity to obtain counsel.  This stay will automatically lift on **May 8, 2015** unless it is extended by order of the Court.

IT IS FURTHER **ORDERED** that Defendants' Motion to Dismiss [#7] is **DENIED without prejudice**.  Once the stay is lifted, the parties may ask the Court to revive the pending Motion to Dismiss [#7], pending Response [#15], and pending Reply [#22].  If Plaintiff obtains counsel, Plaintiff may ask permission to file a new response to the revised

Motion to Dismiss.

Dated: January 9, 2015

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge