IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02399-RM-KLM

MICHAEL ANGELO MARTINEZ,

      Plaintiff,

v.

HEALTH CARE PARTNERS FOUNDATION, INC.,

      Defendant.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on **Plaintiff's Motion Requesting a 30 Day Stay of Litigation** [#29][1] (the "First Stay Motion"), Plaintiff's **Motion for Subpoena of Medical Records** [#33] (the "Discovery Motion"), **Defendant Health Care Partners & Employees' Motion to Revive Motion to Dismiss (Doc. 7), Response (Doc 15[)], and Reply (Doc. 22)** [#37] (the "Motion to Revive"), and **Plaintiff Michael Martinez'[s] Motion Requesting a 90 Day Stay of Litigation Concerning the Defendants['] Revival Motion to Dismiss** [#45] (the "Second Motion to Stay").

      In the First Stay Motion, Plaintiff requested a 30-day stay because he did not have access to the law library at the facility in which he was incarcerated at that time. *Stay Motion* [#29] at 1.   Plaintiff noted that he was "in the process of transition[ing] to a permanent facility." *Id.*  On June 15, 2015, Plaintiff notified the Court of his new mailing address at the Sterling Correctional Facility. *See Written Notice of Address Change* [#43] at 1.  As a result, the Stay Motion is moot.

      In the Discovery Motion, Plaintiff requests that the Court issue a subpoena to an unidentified party, likely Defendant, regarding medications he was prescribed, his medical chart, and interactions with medical staff. *Discovery Motion* [#33] at 1. As an initial matter, if Plaintiff seeks discovery from Defendant, a subpoena is not needed. *See* Fed. R. Civ. P. 26. Further, as Defendant explains in its Response [#42] to the Discovery Motion,

_____

[1]  "[#29]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

pursuant to Fed. R. Civ. P. 26(d), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Response [#42] at 1. However, the Rule goes on to note that it does not apply to "proceedings exempted from initial disclosure under Rule 26(a)(1)(B) . . . ." Fed. R. Civ. P. 26(d). This case is exempt under Fed. R. Civ. P. 26(a)(1)(B)(iv) because it is "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision." Fed. R. Civ. P. 26(a)(1)(B)(iv). Therefore, Plaintiff may serve Requests for Production of Documents on Defendant pursuant to Fed. R. Civ. P. 34 without seeking a Court order. *See Young v. Tryon*, No. 12-CV-6251-CJS-MWP, 2013 WL 2471543, at *10 (W.D.N.Y. June 7, 2013) (finding good cause to stay defendants' deadline to respond to discovery requests from pro se plaintiff)*; Podkulski v. Doe*, No. 11-cv-102-JL, 2012 WL 1587063, at *1 (D. N.H. May 3, 2012) (noting that Fed. R. Civ. P. 26(d)(1) "permits the parties in this case to engage in discovery before meeting to agree upon a discovery plan" because the plaintiff was a pro se inmate). As a result, the Court will deny the Discovery Motion.

In the Motion to Revive, Defendant asks the Court to revive its Motion to Dismiss [#7], which was denied without prejudice when the Court stayed this case. *See Order* [#28] at 4-5. In that Order, the Court noted that

> [o]nce the stay is lifted, the parties may ask the Court to revive the pending Motion to Dismiss [#7], pending Response [#15], and pending Reply [#22]. If Plaintiff obtains counsel, Plaintiff may ask permission to file a new response to the revised Motion to Dismiss.

*Id.* at 4-5. Plaintiff filed the Second Stay Motion in response to the Motion to Revive. In the Second Stay Motion, Plaintiff requests "a 90 day stay of litigation concerning the Defendants['] revival motion to dismiss . . . ." *Second Motion to Stay* [#45] at 1. Plaintiff notes that he

> is imprisoned at Sterling Correctional Facility and it is impossible to gauge the schedule of SCF law library access as the facility is constantly on lock down and court access is suspended. Plaintiff is without legal counsel and the claims raised are complicated and require research in order to perfect the complaint.

*Second Stay Motion* [#45] at 1. However, the Motion to Dismiss [#7] was fully briefed by the parties as of October 29, 2014, when the Reply [#22] was filed. Further, Plaintiff filed his Response [#15] to the Motion to Dismiss on October 15, 2014. Therefore, there are no legal issues for Plaintiff to research with regard to the Motion to Dismiss. To the extent that the Second Motion to Stay references "perfect[ing] the complaint," if Plaintiff would like to amend his Complaint [#4] he must file a motion requesting that relief and must attach a proposed amended complaint to that motion. Furthermore, the Motion to Dismiss [#7] was filed on September 5, 2014; the case was stayed on January 9, 2015 [#28]; and the stay automatically lifted on May 8, 2015 [#28]. Therefore, Plaintiff had more than four months in which to seek leave to amend his claims based on the arguments asserted by Defendant

2

in the Motion to Dismiss prior to the imposition of the stay, and more than seven additional weeks after the stay was lifted and prior to the filing of the Second Stay Motion in which to seek leave to amend his claims.  However, he has not sought leave to amend in this case. Instead, he filed his Response [#15] to the Motion to Dismiss.  This case must proceed. Accordingly, the Court will grant the Motion to Revive [#37] and deny the Second Stay Motion [#45].

Accordingly,

IT IS HEREBY **ORDERED** that the First Stay Motion [#29] is **DENIED as moot**.

IT IS FURTHER **ORDERED** that the Discovery Motion [#33] is **DENIED**.

IT IS FURTHER **ORDERED** that the Motion to Revive [#37] is **GRANTED**.  The Clerk of the Court is instructed to **REVIVE** the Motion to Dismiss [#7], the Response [#15], and the Reply [#22] as of the date of this Order.

IT IS FURTHER **ORDERED** that the Second Stay Motion [#45] is **DENIED**.

Dated:  July 2, 2015