IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02399-RM-KLM

MICHAEL ANGELO MARTINEZ,

       Plaintiff,

v.

HEALTH CARE PARTNERS FOUNDATION, INC.,

       Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Health Care Partners & Employees' ("HCP") **Motion to Dismiss Amended Complaint (Doc. 52)** [#59][1] ("Motion").  Plaintiff, who is proceeding pro se,[2] filed a Response [#63] in opposition, and Defendant filed a Reply [#66].  This motion is ripe for review.  Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c)(3), the Motion is referred to the undersigned for recommendation [#60].  Having reviewed the entire case file and being sufficiently advised, the Court **RECOMMENDS** that the Motion [#59] be **GRANTED**.

_____

[1]  "[#59]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF).  This convention is used throughout the Recommendation.

[2]  The Court must construe liberally the filings of a pro se litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, pro se litigants must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## I. Background

Plaintiff Michael Martinez is currently an inmate in the Colorado State Penitentiary.[3] *Notice of Change of Address* [#70]. As a result of events leading up to his arrest, Plaintiff was thrown from the vehicle he was traveling in, resulting in several broken bones and severe injuries necessitating spinal reconstructive surgery at Swedish Medical Center in Denver, Colorado. *Motion* [#59] at 2. Plaintiff was discharged from the hospital into the custody of Washington County Justice Center ("WCJC") on February 4, 2013, where he continued to receive medical treatment from Defendant HCP, the provider of medical services to WCJC. *Am. Compl.* [#52] ¶¶ 3, 4.

In the Complaint, Plaintiff alleges that he was prescribed several different forms of painkiller and nerve damage medication by doctors at Swedish Medical Center, but that Defendant HCP did not continue with this course of medication. *Id.* ¶¶ 16, 17. Instead, he claims that during his incarceration at WCJC Defendant administered different painkiller and nerve damage medications from those prescribed, and failed to properly administer the painkillers that he was prescribed. *Id.* ¶¶ 16-18. He also states that Defendant did not provide the type of back brace he wanted – a lower back brace – until a year after he had requested one. *Id.* ¶ 52; *Notice of Removal* [#1] Ex. C-1 at 2. Plaintiff also contends that he needed physical therapy and consultations with specialists, but that Defendant informed Plaintiff that he was responsible for his own physical therapy and, consequently, provided no physical therapy and no access to specialists. *Id.* ¶¶ 26, 29. Lastly, Plaintiff claims that

[3] Prior to his transfer to Colorado State Penitentiary, Plaintiff was an inmate at Sterling Correctional Facility in Sterling, Colorado, *see Notice of Change of Address* [#70], and, prior to that, an inmate at Washington County Justice Center. *Notice of Change of Address* [#43].

he had abdominal pain at 11:00 p.m. on "a date unknown" and that he was told it was a stomach virus. *Id.* ¶ 38. Plaintiff says he was in severe pain until he was taken to the hospital twelve hours later. *Id.* He was given an ultrasound at the hospital which revealed he had gallstones. *Id.* ¶ 39.

On June 3, 2014, Plaintiff filed this civil action in state court against Defendant HCP alleging violations of the Eighth and Fourteenth Amendments for deliberate indifference to medical needs. *Notice of Removal* [#1]. Defendant filed a notice of removal on August 28, 2014. *Id.* Plaintiff argues that the failure to provide the type of medication, type of back brace he requested, and physical therapy, and the delay in his treatment for gallstones all amount to deliberate indifference to a severe medical need. *See generally Am. Compl.* [#52]. Defendant HCP now moves to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Motion* [#59].

## II.  Legal Standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible

on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n] that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 552 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).[4]

---

[4] The Court also notes that Defendant has submitted documents outside of the pleadings, and both parties reference exhibits submitted with Defendant's Notice of Removal. *See Reply* [#66] Exs. A, B. These documents are all appropriately considered here, as Plaintiff's Complaint not only specifically cites to the Exhibits and medical records, but also these appear to have been attached to Plaintiff's original complaint filed in state court. *See Am. Compl.* ¶ 18; *Notice of Removal* [#1] Exs. A-D. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991).

### III.  Analysis

Defendant HCP argues that Plaintiff has failed to state a claim because his complaints of back pain and pain due to gallstones do not rise to the level of a "severe medical need." *Motion* [#59] at 9.  Defendant then argues that, even if Plaintiff has pled a severe medical need, he has not sufficiently alleged that Defendant acted recklessly or consciously disregarded Plaintiff's medical needs.  *Id.*  Rather, Defendant contends that Plaintiff simply disagrees with the medical care that he was provided, and that Plaintiff's belief that "a better course of treatment for his conditions should include physical therapy, different medications, or visits to specialists is simply insufficient to state an Eighth Amendment claim."  *Id.*

Plaintiff responds by reiterating that he was in substantial and constant pain, and avers that Defendant was deliberately indifferent and acted with reckless disregard, although Plaintiff does not describe in any additional detail what actions show Defendant's alleged reckless disregard.  *Response* [#63] at 12.  Rather, Plaintiff states that "[u]pon the discovery phase and the following proceedings the Honorable Court[] will see evidence that HCP and employees acted recklessly and consciously disregarded [P]laintiff['s] medical needs."  *Id.*

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.  *See Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976).  In order to set forth a cognizable claim for a violation of the Eighth Amendment, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need.  *See id.*, 429 U.S. at 104.  The test for deliberate indifference is both objective and subjective: a prisoner

must establish that he was deprived of a medical need that is, objectively, "sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), and that the defendant subjectively knew of and disregarded "an excessive risk to [the prisoner's] health or safety." *Id.* at 837.

In order to satisfy the subjective prong of the test for deliberate indifference, a plaintiff must allege that each defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety." *Farmer*, 511 U.S. at 837. A defendant knows of and disregards an excessive risk to a prisoner's health or safety when he is both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and he actually draws that inference. *Id.*

Importantly, "it is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Accordingly, a prisoner does not have a valid claim of deliberate indifference simply because he was denied "a particular course of treatment" that he desired. *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006). "[A] prison doctor remains free to exercise his or her independent professional judgment," *id.* (citing *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997)), and "[m]edical decisions that may be characterized as 'classic examples of matters for medical judgment,' such as whether one course of treatment is preferable to another, are beyond the [Eighth] Amendment's purview." *Id.* (citing *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996)).

An inmate's claims against employees or agents of a prison medical department are not viable under Section 1983 when the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment, or maintains that options available to medical personnel were not pursued on the inmate's behalf. *See Estelle*, 429 U.S. at

107.   Moreover, allegations of medical malpractice are not sufficient to establish a constitutional violation.  *See Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (stating negligence is not compensable as a constitutional deprivation).   Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation.  *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004); *see also Callahan*, 471 F.3d at 1160.

None of Plaintiff's allegations sufficiently state a claim for deliberate indifference to medical needs.   Construing the Complaint in the light most favorable to Plaintiff, the Court assumes here that Plaintiff's back pain and gallstones were severe medical needs. However, none of Plaintiff's allegations actually show that Defendant was deliberately indifferent to these needs.   For example, it is undisputed that Defendant gave Plaintiff medication to alleviate his pain and medication for nerve damage twice a day.  *Am. Compl.* [#52] ¶¶ 16, 17.   It is undisputed that Defendant gave Plaintiff a back brace.  *Notice of Removal* [#1] Ex. C-1 at 2.   It is undisputed that Defendant responded to Plaintiff's complaints of stomach pain by sending him to the hospital and treating him for gallstones. *Am. Compl.* [#52] ¶¶ 38, 39.   The fact that Defendant did not give Plaintiff his *requested* medication, and gave the medication twice daily instead of every four hours, does not rise to the level of an Eighth Amendment violation.  *See Brown v. Darnold*, 505 F. App'x 584, 587 (7th Cir. 2013) (delay of a few hours in giving pain medication was not an Eighth Amendment violation).   Similarly, the fact that Defendant did not rush Plaintiff to the hospital as soon as he complained of abdominal pain does not constitute the sort of delay evidencing a reckless disregard or deliberate indifference.  *See DeJesus v. Corr. Med. Servs., Inc.*, No. CV 06-209-LPS, 2013 WL 6804604, at *4 (D. Del. Dec. 23, 2013) (delay

of two years leading to removal of gallbladder was not an Eighth Amendment violation but, at most, a claim for medical malpractice) *aff'd*, 574 F. App'x 66 (3d Cir. 2014).

Distilled to its essence, then, Plaintiff's complaint states nothing more than disagreement with how Defendant treated his pain, his back, and his gallstones, and garnishes such statements with the conclusory allegation that Defendant "was deliberately indifferent to [P]laintiff's medical needs." *Id.* ¶ 20. Such allegations are insufficient to state a claim for deliberate indifference to a severe medical need. *See Callahan*, 471 F.3d at 1160; *see also Washington v. Washington*, 605 Fed. App'x 716, 718 (10th Cir. 2015) ("An 'unadorned, the-defendant-unlawfully-harmed-me accusation' will not do[.]") (quoting *Iqbal*, 556 U.S. at 678.).

Therefore, because Plaintiff has failed to state a claim for deliberate indifference to a severe medical need, the Court **recommends** that the complaint be **dismissed with prejudice**. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

## IV.  Conclusion

Accordingly, for the reasons stated above, the Court respectfully **RECOMMENDS** that the Motion [#59] be **GRANTED**, and that the complaint be **DISMISSED WITH PREJUDICE**.

IT IS **FURTHER ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is

assigned.   A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  February 25, 2016

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge