**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 14-cv-02399-RM-KLM

MICHAEL ANGELO MARTINEZ,

    Plaintiffs,

v.

HEALTH CARE PARTNERS FOUNDATION, INC.,

    Defendant.

_____

**ORDER**
_____

    This matter is before the Court on the February 25, 2016 Recommendation of United States Magistrate Judge Kristen L. Mix (the "Recommendation") (ECF No. 72) to grant Defendant's Motion to Dismiss Amended Complaint (the "Motion") (ECF No. 59) and dismiss Plaintiff's action with prejudice. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

    The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (ECF No. 72 at pages 8, 9.) Despite this advisement, no objections to the Recommendation have to date been filed by any party and the time to do so has expired. (*See generally* Dkt.)

    As no objection has been filed, the Court reviews the Recommendation for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."). Applying this standard, the Court concludes that Magistrate Judge Mix's analysis was thorough and sound concerning Plaintiff's complaints of deliberate indifference to his medical needs, and without clear error on the face of the record – except for the analysis concerning the back brace.[1]

As for the back brace, the Recommendation states it is "undisputed Defendant gave Plaintiff a back brace." (ECF No. 72, page 7.) The allegations, along with the referenced record,[2] however, do not support such a finding. Even if the Court considers Exhibit A to Defendant's Reply, that Exhibit combined with the allegations and printouts show Plaintiff was discharged from the hospital to Defendant's care with a back brace, not that Defendant provided him one. Nonetheless, even if Defendant did not provide Plaintiff any back brace, the allegations are insufficient.

Here, Plaintiff's complaint about a lower back brace is two-fold: (1) the delay in ultimately approving this back brace; and (2) that Plaintiff's family was requested to pay for such brace. But, the record shows the allegations of delay in approving and ordering a lower back brace are nothing more than a disagreement as to the course of treatment for Plaintiff's back, *i.e.*, whether a lower back brace should be approved and, if so, when it was appropriate to do so to

---

[1] The Recommendation gave examples of the needs Plaintiff complained of, but did not address all complaints, such as the allegations regarding his need for physical therapy. The Court finds such other allegations fall within the reasons given which support dismissal of Plaintiff's other complaints, *e.g.*, that the allegations only reflect a disagreement as to the proper medical treatment for Plaintiff's condition.
[2] The Amended Complaint incorporated the original complaint which contained numerous printouts, and referenced such printouts. (ECF No. 52, page 1 & page 2 ¶ 8.) While the Court will consider the printouts to the original complaint, it relies on the allegations in the Amended Complaint.

treat his alleged back problems. Accordingly, these allegations are not actionable. *E.g., Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010).

As for the requested payment for the lower back brace, while "[t]he Eighth Amendment prohibits prison officials from denying an inmate medical treatment due to a lack of funds or conditioning the provision of medical services on an inmate's ability to pay," *Cannon v. Mason*, 340 F. App'x 495, 498 (10th Cir. 2009) (unpublished), such are not the allegations here. Plaintiff does not allege that he or his family was unable to pay[3] or that the brace would not be provided unless his family (or he) could pay. Instead, he alleges he should not have to do so. "If a prisoner is able to pay for medical care, requiring such a payment is not deliberate indifference to serious medical needs." *Cannon,* 340 F. App'x at 499 (quoting *Reynolds v. Wagner*, 18 F.3d 166, 174 (3d Cir. 1997)). Thus, the Court's analysis of the lower back brace allegations differs from the Recommendation, but it reaches the same conclusion – that Plaintiff's allegations are insufficient to state a claim. Accordingly, the Court modifies the Recommendation and, as modified, accepts and adopts the Magistrate Judge's analysis and conclusions of dismissal.

In accordance with the foregoing, the Court:

(1) **ADOPTS** and **ACCEPTS** the Recommendation of United States Magistrate Judge Kristen L. Mix (ECF No. 72) **as modified herein**;

(2) **GRANTS** Defendant's Motion to Dismiss Amended Complaint (ECF No. 59);

(3) **DISMISSES with prejudice** Plaintiff's Amended Complaint; and

---

[3] Plaintiff's original complaint alleged his family could not afford to pay, but there are no such allegations in the operative complaint, *i.e.,* the Amended Complaint. Moreover, Plaintiff' original complaint alleged that a lower back brace was approved, but that he felt it is the wrong brace. (ECF No. 1-3, page 2.) Again, another disagreement as to his appropriate medical care.

(4) **DIRECTS** the Clerk of the Court to enter judgment in favor of Defendant and against Plaintiff.

DATED this 25th day of March, 2016.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge